UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA DUMENG AND TARA LEBRON,<br><br>    Plaintiffs<br><br>vs.<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER ENVER LOPEZ SHIELD NO. 4474, NYPD OFFICER CHRISTOPHER VENTURA SHIELD NO. 13743, NYPD OFFICER MICHELE BUTERA SHIELD NO. 21154, JOHN DOES 1-10<br><br>    Defendants | Case No.: 17-cv-4511<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, by and through their undersigned attorney, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

-1-

2. The Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

## JURY TRIAL DEMANDED

3. Plaintiffs demand trial by jury of all issues properly triable thereby

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

5. Plaintiffs Melissa Dumeng and Tara Lebron are United States citizens and residents of the City and State of New York.

6. That at all times herein mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, Defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

8. That at all times herein mentioned, defendant Officer Enver Lopez (hereinafter, "LOPEZ") was and is an NYPD officer employed by defendant CITY.

9. That at all times herein mentioned, Defendant LOPEZ was acting within the course and scope of his employment with defendant CITY.

10. That at all times herein mentioned, Defendant LOPEZ was acting under color of state law.

11. Defendant LOPEZ is sued herein in both his individual and official capacities.

12. That at all times herein mentioned, Defendant Officer Christopher Ventura (hereinafter, "VENTURA") was and is an NYPD officer employed by defendant CITY.

13. That at all times herein mentioned, Defendant VENTURA was acting within the course and scope of his employment with Defendant CITY.

14. That at all times herein mentioned, Defendant VENTURA was acting under color of state law.

15. Defendant VENTURA is sued herein in both his individual and official capacities.

16. That at all times herein mentioned, Defendant Officer Michele Butera (hereinafter, "BUTERA") was and is an NYPD officer employed by defendant CITY.

17. That at all times herein mentioned, Defendant BUTERA was acting within the course and scope of her employment with defendant CITY.

18. That at all times herein mentioned, defendant BUTERA was acting under color of state law.

19. Defendant BUTERA is sued herein in both her individual and official capacities.

20. That at all times herein mentioned, currently unknown and unnamed officers (hereinafter, "DOES") was and are NYPD officers employed by defendant CITY.

21. That at all times herein mentioned, defendant DOES were acting within the course and scope of their employment with defendant CITY.

22. That at all times herein mentioned, Defendant DOES were acting under color of state law.

23. Defendant DOES are sued herein in both their individual and official capacities.

24. At all relevant times herein, the individual Defendants acted jointly and in concert with each other.

25. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual Defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

### STATEMENT OF FACTS

26. On or about July 4, 2014, Plaintiffs Melissa Dumeng, and Tara Lebron, who had never been arrested, and who had just recently graduated from high school were with their friends and family at an Independence Day block party picnic in the vicinity of 1110 Anderson Street in the Bronx.

27. At the time of this incident Plaintiff Dumeng weighed approximately 115 pounds, 5 feet 6 inches, was 19 years old. She was wearing black knee length shorts, a black t-shirt, and gym shoes.

28. At the time of this incident Plaintiff Lebron, was also a similar size, and worked full time as a manager at McDonalds and was 18 years old

29. Neither Plaintiffs, nor anyone with them, were engaged in any illegal or unlawful activities.

30. Police Officers came to the block and told Plaintiffs to "shut down" the party due "illegal fireworks" being used somewhere in the surrounding neighborhoods.

31. As Plaintiffs were putting away their belongings, to comply with the Officers' request, Plaintiffs saw what appeared to be NYPD helicopters, heard dozens of sirens, and were confronted with what appeared to be a scene from a movie.

32. Plaintiffs were trying to navigate their way out of the scene and go home when Plaintiff Melissa Dumeng was grabbed by several Officers shouting to "cuff her".

33. Ms. Lebron saw Defendant Officers grab Ms. Dumeng and shouted, in sum or substance, to Officers to please let go of her "girlfriend".

34. Upon Defendant Officers hearing this and realizing the relationship of Plaintiffs, John Doe NYPD Officers yelled to Ms. Dumeng, who was in their custody, "You want to act like a boy, we will treat you like a boy!" Defendant Officers threw Ms. Dumeng on the floor and repeatedly punched her and stepped on her back while she was struggling on the floor trying to get into a ball to cover her face and head as best she could.

35. Plaintiff Tara Lebron, who was watching her girlfriend being beaten, cried out for the Defendant Officers to stop. They did not stop hitting and punching Plaintiff Dumeng.

36. Defendant Officers then grabbed Plaintiff Lebron, with excessive force, and also caused her injury, and took her into illegal custody.

37. Amidst the commotion, While Ms. Dumeng was sitting in the police vehicle waiting to be taken to the precinct, the window of the car Ms. Dumeng was sitting in shattered.

38. Defendant Officers immediately accused Ms. Dumeng of shattering the window even though she was not close to the window, several other people were in the vehicle, and she did not have the strength or any disposition to do so, and the vehicle was in the midst of loud, window shattering noise and a terrible commotion.

39. Plaintiffs, who had committed no wrongdoing, steadfastly denied wrongdoing.

40. Moreover, despite being aware that there were numerous people, and a riot like situation that the NYPD and Defendant Officers themselves had created, Defendants, deliberately and/or with deliberate indifference, failed to consider the noise and mayhem the NYPD and Defendant Officers themselves created, by grabbing and screaming at people who were having a legal and celebratory block party in the Bronx as the cause of any alleged injuries or damaged Police property.

41. According to Defendants, Melissa Dumeng had committed the crime of slapping Officer LOPEZ's hand, which caused him to drop his flashlight.

42. According to Defendants, Tara Lebron had committed the crime of also slapping a flashlight out of Officer LOPEZ's hand.

43. In fact, there was no evidence, and no reasonable basis to believe, that Plaintiffs had at any time slapped the flashlight out of Officer Lopez's hand, or engaged in any conduct which would have caused injury to officers or to any property.

44. On July 5, 2015, at approximately 1:00 A.M. Defendants, without probable cause or legal justification, arrested and imprisoned under trumped up felony charges, Plaintiffs Melissa Dumeng and Tara Lebron- two young adults with no criminal history.

45. Police Officers arrested Plaintiffs not for any legitimate law enforcement purpose, but to cover up for their use of excessive force against Plaintiffs.

46. Defendants knowingly relayed false allegations against plaintiff that they had devised to the Bronx County District Attorney's Office, including that on or about July 5, 2014, be-

tween 12:00 a.m. and 1:00 am, around 1110 Anderson in the Bronx, City and State of New York, Plaintiffs had caused injury to Officers and NYPD property.

47.  The Bronx County District Attorney's Office used the information provided by Defendants to draft a criminal court complaint against plaintiff.

48.  Defendants BUTERA and LOPEZ signed the criminal court complaint, thereby swearing to the veracity of its allegations, under penalty of perjury, despite knowing that there was no truth to those allegations whatsoever, that the allegations against Plaintiffs were false and completely fabricated, that there was never any legal basis to have detained or arrested Plaintiffs, and that there was no legal basis to prosecute them.

49.  Plaintiff Melissa Dumeng was thereafter arraigned on a criminal court complaint under Bronx County Docket Number 2014BX035698, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Assault in the 2nd Degree (P.L. 120.05), Assault in the 3rd Degree (P.L. 120.00 (1), Criminal Mischief in the 4th Degree (P.L. 145.00 (1), Attempted Assault in the 3rd Degree (P.L. 110/120.00, and Harassment.

50.  Plaintiff Tara Lebron was thereafter arraigned on a criminal court complaint under Bronx County Docket Number 2014BX035670, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Assault in the 3rd Degree (P.L. 120.00(1)), Resisting Arrest (P.L. 205.30), Obstructing Governmental Administration (P.L. 195.05) and Harassment.

51.  There was no probable cause that Plaintiffs had committed any of these crimes or any other offense.

52. All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiffs' unlawful arrest, excessive force, and malicious abuse of process for crimes Officers knew that they did not commit, and in so doing deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

53. Defendants made these false allegations against Plaintiffs with actual malice, and out of spite and ill will, and with retributive purpose.

54. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiffs' constitutional and civil rights.

55. As Plaintiffs did not commit or aid/abet in the commission of any of the offenses with which they was charged, they pleaded not guilty to all counts, and were ROR'd.

56. Plaintiff Dumeng was required, over 14 times, to appear in court to defend against the false criminal charge that had been lodged against her.

57. All Defendants acted in concert to lodge these false allegations against Plaintiff Dumeng and initiate a prosecution against her for offenses they knew she did not commit.

58. Upon information and belief, Defendants arrested and imprisoned Plaintiffs despite knowing that there was no legal justification for doing so in order to justify their own actions, and cover up their use of force against Plaintiffs, and to put pressure on plaintiff to plead guilty.

59. The prosecution of Plaintiff Dumeng continued until May 17, 2016 when, after almost two years, the case was Adjourned in Contemplation of Dismissal.

60. The prosecution of Plaintiff Lebron continued until August 12, 2014, when Plaintiff Lebron pled guilty to 240.20 Disorderly Conduct. Plaintiff agreed to this violation plea, not because she did anything disorderly, but so she would not have to go to court every month as she was starting her University studies in Florida in August of 2014.

61. As a result of the foregoing, Plaintiffs sustained, *inter alia*, deprivation of their constitutional rights, loss of enjoyment of life, loss of liberty, loss of basic, fundamental human contact, loss of natural contact with significant others, loss of natural contact with their families, loss of the natural family role they played within their family as, daughter, and sister; physical injuries; personal injuries; emotional injuries, loss of income, loss of employment seniority; loss of employment and business experience; loss of benefits; loss of retirement pensions and savings; loss of economic opportunity; pain and suffering; severe mental anguish, emotional distress, fear and lack of privacy, all necessitating psychiatric or therapeutic counseling; inadequate medical care; humiliation, indignities and embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; restrictions on or total deprivations of all personal freedoms; liberties and entitlements, including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, hobbies, religious fulfillment, personal fulfillment, sexual activity, family relations, marital relations, reading, movies, travel, driving, enjoyment, and expression. Furthermore, as a direct result of her unjust conviction and imprisonment, and the excessive force used against them, many of the effects of these disabilities and impairments

continue to plague Plaintiffs to this day, and will continue to plague Plaintiffs for the rest of their lives.

**FIRST CLAIM FOR RELIEF**
**EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND**
**THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

62. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63. The level of force employed by Defendants against Plaintiffs was objectively unreasonable and violated Plaintiffs' constitutional rights.

64. As a result of the aforementioned conduct of the Defendants, Plaintiffs were subjected to excessive force and sustained physical and emotional injuries.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND**
**THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

65. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66. Plaintiff Dumeng was subjected to an illegal, improper and false arrest by Defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

67. As a direct and proximate result of the foregoing, Plaintiff was placed in substantial and prolonged fear for her safety, her liberty was restricted for an extended period of time, she was subjected to handcuffs and other physical restraints, without probable cause or other lawful justification, in violation of the Fourth and Fourteenth Amendments of the Constitu-

tion of the United States and suffered and will continue to suffer injury and damages as a result, including, inter alia, physical and mental pain and suffering, and mental anguish.

### THIRD CLAIM FOR RELIEF
**MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION**

68. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. Defendants misrepresented and falsified evidence before the District Attorney for charges against Plaintiff Lebron for Assault in the 3rd Degree (P.L. 120.00(1)), Resisting Arrest (P.L. 205.30), Obstructing Governmental Administration (P.L. 195.05) and Harassment.

70. Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney for charges against Plaintiff Lebron for Assault in the 3rd Degree (P.L. 120.00(1)), Resisting Arrest (P.L. 205.30), Obstructing Governmental Administration (P.L. 195.05) and Harassment.

71. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Lebron for charges against Plaintiff Lebron for Assault in the 3rd Degree (P.L. 120.00(1)), Resisting Arrest (P.L. 205.30), Obstructing Governmental Administration (P.L. 195.05) and Harassment.

72. Defendants lacked probable cause to continue criminal proceedings against Plaintiff Lebron for many crimes she was accused.

73. Defendants acted with malice in continuing criminal proceedings against against Plaintiff Lebron for Assault in the 3rd Degree (P.L. 120.00(1)), Resisting Arrest (P.L. 205.30), Obstructing Governmental Administration (P.L. 195.05) and Harassment.

74. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

75. Notwithstanding the perjurious and fraudulent conduct of the Defendants, the criminal proceedings against plaintiff were terminated in Plaintiff Lebron's favor on a date no later than August 12, 2014, when all charges against her were dismissed, in exchange for a guilty plea for disorderly conduct.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. § 1983

76. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. Defendants issued legal process to place Plaintiffs under arrest.

78. Defendants arrested Plaintiffs Dumeng and Lebron in order to achieve a collateral objective beyond the legitimate ends of the legal process.

79. Defendants acted with intent to do harm to Plaintiffs without excuse or justification.

80. As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiffs have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF EQUAL PROTECTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT BASED ON SEX AND SEXUAL ORIENTATION

81. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82. The conduct of Defendants as heretofore described was motivated by animus against Plaintiffs on the basis of sex and sexual orientation.

83. Defendants acted with intent to treat Plaintiffs disparately on the basis of sex and sexual orientation.

84. As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiffs have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

85. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. Each and every individual defendant had an affirmative duty to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights.

87. The individual Defendants failed to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights incurred by the use of excessive force against them, their false arrest, and unlawful and excessive detention, despite having had a realistic opportunity to do so.

88. As a result of the aforementioned conduct of the individual Defendants, Plaintiffs' constitutional rights were violated.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF AND RETALIATION FOR THE EXERCISE**
**OF RIGHTS TO FREE SPEECH AND ASSEMBLY**

89. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90. By the actions described above, Defendants violated, and retaliated for the exercise of, the free speech and assembly rights of Plaintiffs. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91. As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**EIGHTH CLAIM FOR RELIEF**
**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983**

92. The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

93. By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, Defendants, acting under the color of state law and in their individual and official capacities and within the scope of their employment,

caused damage and injury in violation of Plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

94. As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands the following relief jointly and severally against all the Defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d. An award of Plaintiffs' costs of suit;

e. Pre-judgment and post-judgment interest;

f. Such other relief as this Court deems just and proper.

Dated this 15th day of June, 2017

Respectfully Submitted,

_____/s/_____
P. Jenny Marashi (PM0916)
Marashi Legal
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
Attorney for Plaintiffs